IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| THE WINTON COMPANIES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. |
| ESSEX INSURANCE COMPANY and | § | |
| BRADLEY K. GRUSENDORF, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## EXHIBIT A

1.    Ex A-1: Plaintiff's Pre-Suit Demand

2.    Ex A-2: Index of All Documents Filed in the State Court Action

3.    Ex A-2-a: Hutchison County Case Summary in the State Court Action

4.    Ex A-2-b: Plaintiff's Original Petition
      Filed:              October 6, 2017

5.    Ex A-2-c: Civil Case Information Sheet
      Filed:              October 10, 2017

6.    Ex A-2-d: Record of Citation issued on Defendant Essex Insurance Company
      Issued:             October 12, 2017
      Served:

7.    Ex A-2-e: Record of Citation issued on Defendant Bradley K. Grusendorf
      Issued:             October 12, 2017
      Served:

8.    Ex A-2-f: Record of Citation issued on Texas Commissioner of Insurance
      Issued:             October 12, 2017
      Served:

9.    Ex A-2-g: Defendant Essex Insurance Company's Original Answer
      Filed:              November 10, 2017

# EXHIBIT A-1

# THE BYRD LAW FIRM

HOUSTON I BEAUMONT
Attorneys at Law
www.txbyrd.com

448 Orleans
Beaumont, Texas 77701

409.924.0660 Telephone
409.924.0035 Facsimile

September 27, 2017

Essex Insurance Company
c/o Brush Country Claims, Ltd.
508 Cedar Dr.
Georgetown, TX 78628

**VIA CERTIFIED & REGULAR MAIL**

Bradley K. Grusendorf
4924 93rd St.
Lubbock, TX  79424-4808

**VIA CERTIFIED & REGULAR MAIL**

RE:  **Date of Loss:**      **May 24, 2016**
     **Insured:**            **The Winton Companies, LLC**
     **Policy Number:**      **2AA106454**
     **Claim Number:**       **P038732**
     **Property Address:**   **201 N. McGee, Borger, TX 79007**

Greetings:

Please be advised that I have been retained by The Winton Companies, LLC with regard to the above referenced claim.  From this point forward, I am the only contact for you or your attorney regarding this matter.

If you have any questions regarding this matter or need additional information, please feel free to contact this office.  However, please do not contact my client, either orally or in writing, without prior express written permission.

Sincerely,

Jason M. Byrd
For the Firm

JMB/pt

cc:   Gary Winton
      201 N. McGee
      Borger, TX 79007

# THE BYRD LAW FIRM

HOUSTON | BEAUMONT
Attorneys at Law
www.txbyrd.com

| | |
|---|---|
| 446 Orleans | 409.924.0660 Telephone |
| Beaumont, Texas 77701 | 409.924.0035 Facsimile |

September 27, 2017

Essex Insurance Company
c/o Brush Country Claims, Ltd.
508 Cedar Dr.
Georgetown, TX 78628         **VIA CERTIFIED & REGULAR MAIL**

Bradley K. Grusendorf
4924 93rd St.
Lubbock, TX 79424-4808        **VIA CERTIFIED & REGULAR MAIL**

RE:    **Date of Loss:**       **May 24, 2016**
       **Insured:**             **The Winton Companies, LLC**
       **Policy Number:**     **2AA106454**
       **Claim Number:**     **P038732**
       **Property Address:**   **201 N. McGee, Borger, TX 79007**

Greetings:

I represent The Winton Companies, LLC, (hereinafter referred to as "Plaintiff") in connection with his claim for property damage at 201 N. McGee Borger, Texas. As you are well aware, Plaintiff made a claim against the Texas Commercial Insurance Policy. The claim was made due to substantial exterior and interior damage sustained at the residence on May 24, 2016 as a result of wind and/or hail.

The claim was timely reported after the damage was discovered and the structure was later inspected. During the inspection, **Essex Insurance Company and Bradley K. Grusendorf** had the opportunity to visually inspect all of the damage to the exterior of the structure in question, particularly the significant damage to the roof.

Additionally, you have full knowledge that pursuant to the subject policy, full coverage exists for damage caused by the wind and/or hail. Nevertheless, a repair estimate, which minimized the damage to the property, was drafted and only minimal payments, if any, were made under the policy despite the extensive damage.

Undoubtedly, you are aware of your liability to my client under the Texas Insurance Code, which specifically covers the unfair settlement of claims. Specifically, **Essex Insurance Company** is liable to Plaintiff for the following violations of the Texas Insurance 541.060.

1.    Misrepresenting and/or failing to discuss with Plaintiff, pertinent facts or policy provisions relating to coverage as an issue;

2.  Failing to acknowledge, with reasonable promptness, pertinent communications with respect to claims arising under its policy;

3.  Failing to adopt reasonable standards for prompt investigation of claims arising under its policies;

4.  Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability had become reasonably clear;

5.  Failing to provide promptly to policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law for denial of the claim or for the offer of a compromise settlement;

6.  Failing to affirm or deny coverage of a claim to a policy holder within a reasonable time after proof of loss statements have been completed; and

7.  Refusing to pay claims without conducting a reasonable investigation based upon all available information.

Plaintiff is therefore entitled to court costs and attorney's fees, as well as actual damages. Furthermore, since such acts were done knowingly, Plaintiff's damages can be trebled.

**You, Bradley K. Grusendorf, are further notified that in accordance with Liberty Mutual Ins. Co. v Garrison Contractors, 41 Sup. Ct. J. 637 (Tex. 1998) you have individual liability separate from that of your employer for violations of the Texas Insurance Code Chapter 541.  Therefore, Plaintiff will be seeking damages and compensation from you personally as well.**

The delay in payment to Plaintiff is also in violation of Texas Insurance Code Chapter 542, Sub-chapter B, thus triggering liability on your part to pay the amount of the claim, plus damages consisting of eighteen (18) percent per annum of the amount of the claim, prejudgment interest and reasonable attorney's fees.

Accordingly, on behalf of Plaintiff, demand is hereby made that within sixty (60) days from your receipt of this correspondence that the following amounts be paid:

| | |
|---|---|
| **$87,545.99** | **in economic damages;** |
| **$35,000.00** | **in consequential damages, including but not limited to statutory treble damages; and** |
| **$27,650.17** | **for expenses, including attorney's fees, which you should note, would increase as this case develops.** |

Please understand this demand is made in the spirit of compromise.  According to our analysis, this demand represents a tremendous savings to you given your potential exposure under the Texas Insurance Code.

If Plaintiff's claim is not paid within sixty (60) days from the receipt of this correspondence, we would expect to recover Plaintiff's actual damages, along with damages for consequential damages including but not limited to mental anguish, prejudgment interest,

attorneys' fees, and damages for the breach of the duty of good faith and fair dealing you owe Plaintiff. In addition, please be aware that recovery in the form of treble damages and additional penalties will also be sought.

This correspondence will also serve as notification that, pursuant to the Texas Civil Practice and Remedies Code 38.001, et seq., you may be required to pay reasonable attorney's fees due to your failure to perform as per the terms of the insurance contract entered into with Plaintiff. Such payments are a result of Plaintiff's retainment of our legal services to pursue his remedy for damages and would be paid in addition to the amount of a valid claim and costs.

As Plaintiff is anxious to have this matter resolved immediately, we trust you will immediately respond, in writing, to this formal demand letter. From this point forward, I am the only contact for you or your attorney regarding this matter.

If you have any questions regarding this matter or need additional information, please feel free to contact this office. However, please do not contact Plaintiff, either orally or in writing, without prior express written permission.

Sincerely,

Jason M. Byrd
For the Firm

JMB/cc

The Byrd Law Firm, P.C.
448 Orleans Street
Beaumont, Texas 77701

Essex Insurance Company
c/o Brush Country Claims, Ltd.
508 Cedar Dr.
Georgetown, TX 78628

78628344103 C007

neopost
10/06/2017
US POSTAGE $000.46°

FIRST-CLASS MAIL

ZIP 77701
041M10264281

# EXHIBIT A-2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| THE WINTON COMPANIES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. |
| ESSEX INSURANCE COMPANY and | § | |
| BRADLEY K. GRUSENDORF, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## INDEX OF DOCUMENTS FILED IN STATE COURT ACTION

1.   Plaintiff's Original Petition
        Filed:          October 6, 2017

2.   Record of Citation issued on Defendant Essex Insurance Company
        Issued:         October 12, 2017
        Served:

3.   Record of Citation issued on Defendant Bradley K. Grusendorf
        Issued:         October 12, 2017
        Served:

4.   Record of Citation issued on Defendant Texas Commissioner of Insurance
        Issued:         October 12, 2017
        Served:

5.   Defendant Essex Insurance Company's Original Answer
        Filed:          November 10, 2017

# EXHIBIT A-2-a

84TH DISTRICT COURT

# CASE SUMMARY
## CASE NO. 43085

| | | |
|---|---|---|
| The Winton Companies, LLC<br>Vs.<br>Essex Insurance Company And<br>Bradley Grusendorf | §<br>§<br>§<br>§ | Location: **84th District Court**<br>Judicial Officer: **Brancheau, Curt**<br>Filed on: **10/06/2017** |

### CASE INFORMATION

Case Type: **Contract - Other**

Case Flags: **JURY FEE PAID**

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment** |

Case Number      43085
Court      84th District Court
Date Assigned      10/06/2017
Judicial Officer      Brancheau, Curt

### PARTY INFORMATION

|  |  | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **The Winton Companies, LLC** | **BYRD, JASON M**<br>*Retained*<br>409-924-0035(W) |
| **Defendant** | **Essex Insurance Company** | **BOWERS, ERIC K**<br>*Retained*<br>214-742-3000(W) |
| | **Grusendorf, Bradley K.** | |
| | **TEXAS COMMISSIONER OF INSURANCE** | |

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 10/06/2017 | Original Petition (OCA)<br>*Petition* | |
| 10/10/2017 | Civil Case Cover Sheet | |
| 10/12/2017 | **Citation**<br>Essex Insurance Company<br>Unserved<br>Grusendorf, Bradley K.<br>Unserved<br>TEXAS COMMISSIONER OF INSURANCE<br>Unserved<br>*E-FILED BACK TO CHRISTY@TXBYRD.COM* | |
| 11/10/2017 | Answer<br>*Essex Insurance Company's Original Answer* | |

| DATE | FINANCIAL INFORMATION |
|---|---|
| | |

**Plaintiff** The Winton Companies, LLC
Total Charges      334.00
Total Payments and Credits      334.00
**Balance Due as of 11/15/2017**      **0.00**

*Printed on 11/15/2017 at 9:35 AM*

84TH DISTRICT COURT

# CASE SUMMARY
### CASE NO. 43085

# EXHIBIT A-2-b

Filed: 10/6/2017 10:08 AM
Robin Stroud, District Clerk
Hutchinson County, Texas
By:Robin Stroud

CAUSE NO. 43085 _____

| | | |
|---|---|---|
| THE WINTON COMPANIES, LLC | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HUTCHINSON COUNTY, TEXAS |
| | § | |
| ESSEX INSURANCE | § | 84th |
| COMPANY AND | § | _____ JUDICIAL DISTRICT |
| BRADLEY K. GRUSENDORF | | |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, THE WINTON COMPANIES, LLC, Plaintiff herein, who files this its

Original Petition against the Defendant, ESSEX INSURANCE COMPANY and BRADLEY K.

GRUSENDORF, and for cause of action would respectfully show the court as follows:

### A. Discovery Control Plan

1.      Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the

Texas Rules of Civil Procedure.

### B. Parties

2.      Plaintiff THE WINTON COMPANIES, LLC, is a Limited Liability Company

whose principal place of business is in Hutchinson County, Texas.

3.      Defendant, ESSEX INSURANCE COMPANY, is an insurance company

registered to do business in the State of Texas. Additionally, Defendant is a foreign insurance

company, located at 1209 Orange St., Wilmington, DE  19801, and has failed to designate an

Attorney for Service with the Texas Department Insurance. As such, **Defendant can be served**

**by serving the Texas Commissioner of Insurance by Certified United States Mail, Return**

**Receipt Requested, at 333 Guadalupe Street, Austin, Texas 78701.**

4.     Defendant, BRADLEY K. GRUSENDORF, is a licensed Texas insurance adjuster who may be served with citation via certified mail, return receipt requested at 4924 93rd St., Lubbock, TX 79424-4808.

### C. Jurisdiction

5.     The court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court.

6.     The Court has jurisdiction over Defendants ESSEX INSURANCE COMPANY and BRADLEY K. GRUSENDORF because Defendants are citizens of the State of Texas and/or engages in the business of insurance in the State of Texas and the cause of action arises out of Defendants' business activities in the State of Texas.

### D. Venue

7.     Venue is proper in Hutchinson County, Texas because the insured property is situated in Hutchinson County, Texas. TEX. CIV. PRAC. & REM. CODE. § 15.032.

### E. Facts

8.     Plaintiff was the owner of **Texas Commercial Policy number 2AA106454** issued by Defendant, Essex Insurance Company (hereinafter referred to as "the policy.") Plaintiff owns the insured property (hereinafter referred to as "the property."), which is specifically located at 201 N. McGee, Borger, TX 79007.

9.     Defendant ESSEX INSURANCE COMPANY sold the policy, insuring the property that is the subject of this lawsuit, to Plaintiff. The Plaintiff suffered a significant loss with respect to the property as a result of wind and/or hail.

10.     Plaintiff submitted a claim to Defendant with date of loss May 24, 2016 for wind and/or hail damage to the dwelling and contents of the structures.

2

11.     Defendants assigned claim number **P038732** to Plaintiff's claim.

12.     Defendants failed to properly adjust the claim and summarily improperly paid the claim with obvious knowledge and evidence of serious cosmetic and structural damage. Specifically, Defendant BRADLEY K. GRUSENDORF represented to Plaintiff that all of the damages were not covered. To the extent the damages were covered by the policy, they were grossly undervalued. This misrepresentation of damages in contradiction to the policy benefits forced the Plaintiff to cover all of the cost of repairs out of the pocket despite the existence of indemnity under the policy or file suit to recover cost of repairs owed.

13.     Defendants improperly paid Plaintiff's claim for replacement of the property by not providing full coverage for all areas of damage to the property, even though the policy provided coverage for losses such as those suffered by Plaintiff.

14.     Defendants failed to perform their contractual duty to adequately compensate Plaintiff under the terms of the policy. Defendants failed and refused to pay the full proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by Defendants. Such conduct constitutes breach of the insurance contract between Defendants and Plaintiff.

15.     Defendants misrepresented to Plaintiff that the damage to the property was not in excess to the amount paid, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes violations of the Texas Insurance Code.

16.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the policy. Defendants' conduct

3

constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE. Section 541.060(2).

17.    Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanations why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policies, nor did it provide any explanation for the failure to adequately settle Plaintiff claim. Defendants' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE. Section 541.060(3).

18.    Defendants failed to affirm or deny coverage of Plaintiff's claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claims, in writing from Defendants. Defendants' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE. Section 541.060(4).

19.    Defendants refused to fully compensate Plaintiff, under the terms of the policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.  Defendants' conduct constitutes violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE. Section 541.060(7).

20.    Defendants failed to meet their obligations under the Texas Insurance Code regarding acknowledging Plaintiff's claims, beginning investigations to Plaintiff's claims and requesting all information reasonably necessary to investigate Plaintiff's claim within fifteen

(15) days of receiving notice of Plaintiff claims. Defendants' conduct constitutes violations of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE. Section 542.055.

21.     Defendants failed to accept or deny Plaintiff's full and entire claims within fifteen (15) business days of receiving all required information. Defendants' conduct constitutes a violation of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE. Section 542.056.

22.     Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendants have delayed full payment of Plaintiff's claims longer than allowed and, to date, Plaintiff has not yet received full payment for the claims. Defendants' conduct constitutes a violation of the *Texas Prompt Payment of Claims Act.* TEX. INS. CODE. Section 542.055.

23.     From and after the time Plaintiff's claims were presented to Defendants, the liability of Defendants to pay the full claims in accordance with the terms of the policy was reasonably clear. However, Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Defendants' conduct constitutes breaches of the common law duty of good faith and fair dealing.

24.     As a result of Defendants' acts and omissions, Plaintiff was forced to retain the attorney who is representing Plaintiff in this cause of action.

25.     Plaintiff's experience is not an isolated case. The acts and omissions Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## F.  Causes of Action

### Causes of Action Against Defendants

26.     Defendant, ESSEX INSURANCE COMPANY is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the *Texas Unfair Competition and Unfair Practices Act, the Texas Prompt Payment of Claims Act,* and intentional breach of good faith and fair dealing.  Defendant, BRADLEY K. GRUSENDORF, is liable to Plaintiff for intentional violations of the *Texas Unfair Competition and Unfair Practices Act, and the Texas Prompt Payment of Claims Act.*

### G. Breach of Contract

27.     Defendant ESSEX INSURANCE COMPANY'S conduct, as described above, constitutes a breach of the insurance contract made between Defendant and Plaintiff.

28.     Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the policy in question and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Plaintiff. Plaintiff has suffered damages in the form of actual damages, consequential damages and reasonable and necessary attorney's fees.

### Violations of the Texas Insurance Code

### Noncompliance with Texas Insurance Code Chapter 541: "Unfair Competition and Unfair Practices Act"

29.     Defendants, ESSEX INSURANCE COMPANY and BRADLEY K. GRUSENDORF's conduct constitute multiple violations of the *Texas Unfair Competition and Unfair Practices Act.* TEX. INS. CODE Chapter 541. All violations under this article are made actionable by TEX. INS. CODE Section 541.151.

6

30.     Defendants' unfair practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

31.     Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendants' liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

32.     Defendants' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE ANN. Sections 541.051, 541.060 and 541.061.

33.     Defendants' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

34.     Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's claims without conducting a reasonable investigation, constitutes an unfair method of competition an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

**Noncompliance with Texas Insurance Code Chapter 542: "The Prompt Payment of Claims Act"**

35.     Defendants, ESSEX INSURANCE COMPANY and BRADLEY K. GRUSENDORF's conduct constitute multiple violations of the *Texas Prompt Payment of Claims Act*. TEX. INS. CODE Chapter 542. All violations made under this article are made actionable by TEX. INS. CODE Section 542.060.

36.     Defendants' failure, as described above, to acknowledge receipt of Plaintiff's claims, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonable believed would be required within the applicable time constraints, constitutes a non-payment of the claims. TEX. INS. CODE Sections 542.055-542.060.

37.     Defendants' delay of payment of Plaintiff's claims, as described above, following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of the claims. TEX. INS. CODE Sections 542.055-542.060.

**Breach of the Duty of Good Faith and Fair Dealing**

38.     Defendant ESSEX INSURANCE COMPANY's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured's in insurance contracts.

39.     Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claims, although at that time Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### H. Knowledge and Intent

40.     Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiffs' damages described herein.

### I. Texas Deceptive Trade Practices Act

41.     Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations. Accordingly, Plaintiff also brought each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

42.     At all times material hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant, ESSEX INSURANCE COMPANY. Defendant, ESSEX INSURANCE COMPANY has violated the Texas Deceptive Trade Practices Act in the following manners:

    a.    Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

    b.    Representing the goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

    c.    Advertising goods or services with intent not to sell them as advertised;

    d.    Making false or misleading statements of fact concerning the reasons for, existence of, or amount of price reductions;

    e.    Representing that an agreement confers or involves rights, remedies, or obligations, which it does not have or involve, or which are prohibited by law;

    f.    Misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction; and

    g.    Failing to disclose information concerning goods or services which was known at the time of the transaction and such failure to disclose such

information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

h.      Engaging in an unconscionable course of conduct.

### J. Damages and Prayer

44.      WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, THE WINTON COMPANIES LLC complains of ESSEX INSURANCE COMPANY and BRADLEY K. GRUSENDORF and prays that Defendants be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendants the following:

45.      Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

46.      For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of the claims, together with attorney's fees.

47.      For noncompliance with the *Texas Unfair Competition and Unfair Practices Act,* Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times his actual damages. TEX. INS. CODE ANN. Section 541.060.

48.      For noncompliance with *Texas Prompt Payment of Claims Act,* Plaintiff is entitled to the amount of his claims, as well as eighteen (18) percent interest per annum post judgment interest, as allowed by law, and for any other further relief, either at law or in equity, to which he may show himself to be justly entitled.

49.     For breach of the duty of good faith and fair dealing, exemplary damages as to be determined by the jury.

Respectfully submitted,

THE BYRD LAW FIRM, P.C.

_____
Jason M. Byrd
State Bar No. 24036303
Jason@txbyrd.com
448 Orleans Street
Beaumont, Texas 77701
(409) 924-0660/(409) 924-0035
ATTORNEY FOR PLAINTIFF

### JURY DEMAND

Plaintiff respectfully demands a trial by jury.

_____
Jason M. Byrd

# EXHIBIT A-2-c

CAUSE NUMBER *(FOR CLERK USE ONLY):* 43085          COURT *(FOR CLERK USE ONLY):* 84th

STYLED THE WINTON COMPANIES, LLC V. ESSEX INSURANCE COMPANY AND BRADLEY K. GRUSENDORF
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Jason M. Byrd | Email:<br>Jason@txbyrd.com | Plaintiff(s)/Petitioner(s):<br><br>The Winton Companies, LLC | ☒Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: |
| Address:<br>448 Orleans | Telephone:<br>409.924.0660 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br>Beaumont, TX 77701 | Fax:<br>409.924.0035 | Defendant(s)/Respondent(s):<br><br>Essex Insurance Company<br>Bradley K. Grusendorf | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature:<br>*[signature]* | State Bar No:<br>24036303 | | Presumed Father: |
| | | *[Attach additional page as necessary to list all parties]* | |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

| | Civil | | | Family Law | |
|---|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | | **Post-judgment Actions<br>(non-Title IV-D)** |
| *Debt/Contract* | ☒Assault/Battery | ☒Eminent Domain/ | ☒Annulment | | ☐Enforcement |
| ☐Consumer/DTPA | ☒Construction | Condemnation | ☐Declare Marriage Void | | ☐Modification—Custody |
| ☐Debt/Contract | ☒Defamation | ☐Partition | *Divorce* | | ☐Modification—Other |
| ☐Fraud/Misrepresentation | *Malpractice* | ☐Quiet Title | ☐With Children | | **Title IV-D** |
| ☐Other Debt/Contract: | ☐Accounting | ☒Trespass to Try Title | ☒No Children | | ☐Enforcement/Modification |
| | ☐Legal | ☐Other Property: | | | ☐Paternity |
| *Foreclosure* | ☐Medical | | | | ☐Reciprocals (UIFSA) |
| ☐Home Equity—Expedited | ☐Other Professional | | | | ☐Support Order |
| ☐Other Foreclosure | Liability: | **Related to Criminal** | | | |
| ☐Franchise | ☒Motor Vehicle Accident | **Matters** | **Other Family Law** | | **Parent-Child Relationship** |
| ☒Insurance | ☐Premises | ☐Expunction | ☐Enforce Foreign | | ☐Adoption/Adoption with |
| ☐Landlord/Tenant | *Product Liability* | ☐Judgment Nisi | Judgment | | Termination |
| ☐Non-Competition | ☐Asbestos/Silica | ☐Non-Disclosure | ☐Habeas Corpus | | ☐Child Protection |
| ☐Partnership | ☐Other Product Liability | ☐Seizure/Forfeiture | ☐Name Change | | ☐Child Support |
| ☐Other Contract: | List Product: | ☐Writ of Habeas Corpus— | ☐Protective Order | | ☐Custody or Visitation |
| | | Pre-indictment | ☐Removal of Disabilities | | ☐Gestational Parenting |
| | ☐Other Injury or Damage: | ☐Other: | of Minority | | ☐Grandparent Access |
| | | | ☐Other: | | ☐Paternity/Parentage |
| | | | | | ☐Termination of Parental |
| **Employment** | | **Other Civil** | | | Rights |
| ☐Discrimination | ☐Administrative Appeal | ☐Lawyer Discipline | | | ☐Other Parent-Child: |
| ☐Retaliation | ☐Antitrust/Unfair | ☐Perpetuate Testimony | | | |
| ☐Termination | Competition | ☐Securities/Stock | | | |
| ☒Workers' Compensation | ☐Code Violations | ☐Tortious Interference | | | |
| ☐Other Employment: | ☐Foreign Judgment | ☐Other: | | | |
| | ☐Intellectual Property | | | | |

| **Tax** | | Probate & Mental Health | |
|---|---|---|---|
| ☐Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐Guardianship—Adult | |
| ☐Tax Delinquency | ☐Dependent Administration | ☐Guardianship—Minor | |
| ☐Other Tax | ☐Independent Administration | ☐Mental Health | |
| | ☐Other Estate Proceedings | ☐Other: | |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1):*

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court | ☒Declaratory Judgment | ☐Prejudgment Remedy |
| ☐Arbitration-related | ☐Garnishment | ☐Protective Order |
| ☐Attachment | ☐Interpleader | ☐Receiver |
| ☐Bill of Review | ☐License | ☐Sequestration |
| ☐Certiorari | ☐Mandamus | ☐Temporary Restraining Order/Injunction |
| ☐Class Action | ☐Post-judgment | ☐Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case):*

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☒Over $100, 000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☐Over $1,000,000

# EXHIBIT A-2-d

**CITATION**
(Civil personal service – TRC 99)

**Cause No.  43085**

THE STATE OF TEXAS:

| | | |
|---|---|---|
| THE WINTON COMPANIES, LLC | )( | IN THE 84TH DISTRICT COURT |
| VS. | )( | OF |
| ESSEX INSURANCE COMPANY AND | )( | HUTCHINSON COUNTY, TEXAS |
| BRADLEY GRUSENDORF | | |

TO:     **Essex Insurance Company**
        **1209 Orange Street**
        **Wilmington, DE 19801**
Defendant, in the heretofore styled and numbered cause:

GREETINGS:

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a <u>written answer</u> with the Clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty (20) days after the date you were served this Citation and Petition, a default judgment may be taken against you." (RCP 99)

The Petition of **The Winton Companies, LLC** was filed in said Court on **October 06, 2017,** in the above-entitled Cause. The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition, which accompanies this Citation and made a part hereof.

WITNESS, ROBIN STROUD, Clerk of the **84th District Court** of Hutchinson County, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court, at office in Stinnett, Texas, **on this the** 12th day of October, 2017.

**ROBIN STROUD,** District Clerk
P.O. Box 580
Stinnett, Hutchinson County, Texas 79083

By: _Pamela Cervantes_
        Deputy Clerk

Attorney for Plaintiff:
JASON M BYRD
448 ORLEANS ST.
BEAUMONT, TX 77701
409-924-0035

**OFFICER'S RETURN**

| | | |
|---|---|---|
| 43085 | )( | **84TH DISTRICT COURT** |
| **THE WINTON COMPANIES, LLC** | )( | **IN AND FOR** |
| **VS.** | )( | **HUTCHINSON COUNTY, TEXAS** |
| **ESSEX INSURANCE COMPANY AND** | | |
| **BRADLEY GRUSENDORF** | | |

**ADDRESS FOR SERVICE:**
**Essex Insurance Company**
**1209 Orange Street**
**Wilmington, DE 19801**

*Came to hand on the* _____ *day of* _____, 20_____, *at* _____, *o'clock* ____.m. *and executed in* _____ *County, Texas, by delivering to each of the within named defendants in person, a true copy of the Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Original Petition (OCA), at the following times and places, to-wit:*

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |

And not executed as to the defendant(s) being:

The diligence used in finding said defendant(s) being:

And the cause or failure to execute this process is:

And the information received as to the whereabouts of said defendants(s) being:

**FEES:**
Serving Petition and Copy $_____
Total                $_____

_____, Sheriff

_____, County, TX

By: _____, Deputy

_____
                                                        Affiant

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve a citation, shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:
"My name is_____, my date of birth is _____, and my address
            (First, Middle, Last)

_____
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____ on the _____ day of _____

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

# EXHIBIT A-2-e

## CITATION

(Civil personal service – TRC 99)

**Cause No. 43085**

**THE STATE OF TEXAS:**

| | | |
|---|---|---|
| THE WINTON COMPANIES, LLC | )( | IN THE 84TH DISTRICT COURT |
| VS. | )( | OF |
| ESSEX INSURANCE COMPANY AND | )( | HUTCHINSON COUNTY, TEXAS |
| BRADLEY GRUSENDORF | | |

TO:   Bradley K. Grusendorf
      4924 93rd Street
      Lubbock, TX 79424
Defendant, in the heretofore styled and numbered cause:

GREETINGS:

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a <u>written answer</u> with the Clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty (20) days after the date you were served this Citation and Petition, a default judgment may be taken against you." (RCP 99)

The Petition of **The Winton Companies, LLC** was filed in said Court on **October 06, 2017,** in the above-entitled Cause. The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition, which accompanies this Citation and made a part hereof.

WITNESS, ROBIN STROUD, Clerk of the **84th District Court** of Hutchinson County, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court, at office in Stinnett, Texas, **on this the 12th day of October, 2017.**

**ROBIN STROUD,** District Clerk
P.O. Box 580
Stinnett, Hutchinson County, Texas 79083

By: _Pamela Cervantes_
Deputy Clerk

Attorney for Plaintiff:
JASON M BYRD
448 ORLEANS ST
BEAUMONT TX 77701
409-924-0035

## OFFICER'S RETURN

| | | |
|---|---|---|
| 43085 | )( | **84TH DISTRICT COURT** |
| **THE WINTON COMPANIES, LLC** | )( | **IN AND FOR** |
| VS. | )( | **HUTCHINSON COUNTY, TEXAS** |
| **ESSEX INSURANCE COMPANY AND** | | |
| **BRADLEY GRUSENDORF** | | |

**ADDRESS FOR SERVICE:**
**Bradley K. Grusendorf**
**4924 93rd Street**
**Lubbock, TX 79424**

Came to hand on the _____day of_____, 20_____, at _____, o'clock ____.m. and executed in _____County, Texas, by delivering to each of the within named defendants in person, a true copy of the Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Original Petition (OCA), at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|

And not executed as to the defendant(s) being: _____

The diligence used in finding said defendant(s) being: _____

And the cause or failure to execute this process is: _____

And the information received as to the whereabouts of said defendants(s) being: _____

**FEES:**
Serving Petition and Copy $_____
Total             $_____

_____, Sheriff

_____, County, TX

By: _____, Deputy

_____
Affiant

<u>COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.</u>
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve a citation, shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:
"My name is _____, my date of birth is _____, and my address
      (First, Middle, Last)

_____
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____ on the _____ day of _____

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

# EXHIBIT A-2-f

## CITATION

(Civil personal service – TRC 99)

### Cause No.  43085

THE STATE OF TEXAS:

| | | |
|---|---|---|
| THE WINTON COMPANIES, LLC | )( | IN THE 84TH DISTRICT COURT |
| VS. | )( | OF |
| ESSEX INSURANCE COMPANY AND | )( | HUTCHINSON COUNTY, TEXAS |
| BRADLEY GRUSENDORF | | |

TO:    **TEXAS COMMISSIONER OF INSURANCE**
        **333 GUADALUPE ST**
        **AUSTIN, TX 78701**

Defendant, in the heretofore styled and numbered cause:

**GREETINGS:**

**NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty (20) days after the date you were served this Citation and Petition, a default judgment may be taken against you."** (RCP 99)

The Petition of **The Winton Companies, LLC** was filed in said Court on **October 06, 2017,** in the above-entitled Cause.  The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Petition, which accompanies this Citation and made a part hereof.

**WITNESS, ROBIN STROUD,** Clerk of the **84th District Court** of Hutchinson County, Texas.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court, at office in Stinnett, Texas, **on this the 12th day of October, 2017.**

**ROBIN STROUD,** District Clerk
P.O. Box 580
Stinnett, Hutchinson County, Texas 79083

By: _Pamela Cervantes_
Deputy Clerk

Attorney for Plaintiff:
JASON M BYRD
448 ORLEANS ST
BEAUMONT TX  77701
409-924-0035

## OFFICER'S RETURN

| | | |
|---|---|---|
| 43085 | )( | **84TH DISTRICT COURT** |
| THE WINTON COMPANIES, LLC | )( | **IN AND FOR** |
| VS. | )( | **HUTCHINSON COUNTY, TEXAS** |
| **ESSEX INSURANCE COMPANY AND** | | |
| **BRADLEY GRUSENDORF** | | |

**ADDRESS FOR SERVICE:**
**TEXAS COMMISSIONER OF INSURANCE**
**333 GUADALUPE ST**
**AUSTIN, TX 78701**

Came to hand on the _____ day of _____, 20_____, at _____, o'clock _____.m. and executed in _____ County, Texas, by delivering to each of the within named defendants in person, a true copy of the Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Original Petition (OCA), at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |

And not executed as to the defendant(s) being: _____

The diligence used in finding said defendant(s) being: _____

And the cause or failure to execute this process is: _____

And the information received as to the whereabouts of said defendants(s) being: _____

**FEES:**
Serving Petition and Copy $_____
Total                           $_____

_____, Sheriff

_____, County, TX

By: _____, Deputy

_____
Affiant

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve a citation, shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:
"My name is _____, my date of birth is _____, and my address
          (First, Middle, Last)

_____
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____ on the _____ day of _____

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

# EXHIBIT A-2-g

Filed: 11/10/2017 9:34 AM
Robin Stroud, District Clerk
Hutchinson County, Texas
By:Pam Cervantes

CAUSE NO. 43085

| | | |
|---|---|---|
| THE WINTON COMPANIES, LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HUTCHINSON COUNTY, TEXAS |
| | § | |
| ESSEX INSURANCE COMPANY | § | |
| AND BRADLEY K. GRUSENDORF, | § | |
| | § | 84TH JUDICIAL DISTRICT |
| Defendant. | § | |
| | § | |

## DEFENDANT ESSEX INSURANCE COMPANY'S
## ORIGINAL ANSWER

Defendant ESSEX INSURANCE COMPANY (hereinafter "Essex" or "Defendant") files this Original Answer and would respectfully show:

### I.
### GENERAL DENIAL

1.     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained in Plaintiff's Original Petition and demands that Plaintiff prove every fact in support of its claims by a preponderance of the evidence.

### II.
### ACCEPTANCE OF POTENTIAL LIABILITY OF ADJUSTER

2.     Pursuant to Texas Insurance Code section 542A.006, Defendant Essex elects to accept whatever liability Defendant insurance adjuster Bradley K. Grusendorf might have to Plaintiff for Grusendorf's acts or omissions related to the claim at issue.   This pleading constitutes Defendant Essex's written notice to the claimant under Insurance Code section 542A.006.  This election is unconditional and cannot be revoked pursuant to the statute.

### III.
### DENIAL OF CONDITIONS PRECEDENT

3.    Defendant specifically denies that Plaintiff has satisfied all conditions precedent to the recovery it seeks in this lawsuit.

### Loss During the Policy Period

4.    Essex policy number 2AA106454 (the "Policy") applies only to loss that occurs during the policy period.  To the extent that any part of the loss of which Plaintiff complains did not occur during this policy period, the policy provides no coverage for the such loss.

### Loss Above The Deductible

5.    Defendant's obligation to pay under the policy extends, if at all, only to a covered loss that exceeds the policy deductible.  If there is an obligation to pay, it applies only to the amount of covered loss that exceeds the deductible.

### No Submission of Signed, Sworn Proof of Loss

6.    Plaintiff failed to submit a signed and sworn proof of loss in response to Defendant's requests and provision of the form, despite the policy condition requiring the same within 60 days of Defendant's request.

### Legal Action Against Us

7.    Plaintiff filed suit against Defendant without first complying with all terms of the Commercial Property Coverage Part of the Policy, specifically, the proof of loss condition.  This violates the Policy's Legal Action Against Us clause.  Accordingly, this lawsuit is premature.

### Valuation

8.    Plaintiff's loss is not recoverable unless it is determined according to the Policy's Valuation clause, which requires valuation at actual cash value.

## IV.
## AFFIRMATIVE DEFENSES

### Ensuing Loss Exclusion

9.     Plaintiff's claims are barred, in whole in part, to the extent any loss or damage to the interior of any building or structure was caused by rain or snow, whether wind-driven or not, unless the building or structure first sustains wind or hail damage to its roof or walls through which the rain or snow enters.

### Failure to Mitigate

10.     Plaintiff's claims are barred, in whole in part, by its own failure to mitigate its damages.

### Ordinance or Law Exclusion

11.     The Policy bars coverage for loss or damage caused by the enforcement of or compliance with any ordinance or law: (1) regulating the construction, use or repair of any property; or (2) requiring the tearing down of any property including the cost of removing its debris.   This exclusion applies regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

### Bona Fide Dispute

12.     A bona fide dispute exists concerning the extent of Plaintiff's entitlement to benefits under the Policy. Defendant is permitted to value claims and evaluate coverage differently than Plaintiff without incurring liability for bad faith or extra-contractual liability. Defendant would show that a bona fide controversy exists regarding the scope of any alleged covered loss and/or whether and the extent to which any asserted loss was the result of a covered occurrence or occurrences to covered property.

### Payment / Credit / Offset

13.     To the extent that Plaintiff is entitled to any recovery in this action, Defendant is entitled to a credit or offset in the amount of Plaintiff's deductible plus any previous claim payment made.

### *Limitation of Punitive/Exemplary Damages*

14.     Defendant denies any liability to Plaintiff for alleged extra-contractual damages. Pleading alternatively, Defendant pleads that any award to Plaintiff of exemplary, additional, treble or punitive damages or penalties is limited pursuant to Tex. Civ. Prac. & Rem. Code Ann. chapter 41 and Tex. Ins. Code sections 541.152 and 542.060. Under the facts of this case, however, an award of exemplary, additional, treble or punitive damages or penalties consistent with the maximum awards permitted under these statutes would violate Defendant's state and federal constitutional rights. Defendant affirmatively pleads that an award of exemplary, additional, treble or punitive damages or penalties would violate the due process and equal protection clauses of the United States and Texas Constitutions. Defendant affirmatively pleads that an award of exemplary, additional, treble or punitive damages or penalties would be both arbitrary and excessive in that (1) Texas procedure lacks adequate safeguards in violation of the due process clauses of the United States and Texas Constitutions, and (2) Defendant would not be afforded equal protection against extra-contractual damages that would be limited or capped for others.

15.     As a specific defense, Defendant asserts that Plaintiff's claims for punitive damages, if any, cannot be sustained pursuant to Texas law regarding the standards for determining liability for and the amount of punitive damages. The imposition of punitive damages in this case would be fundamentally unfair and would violate the Constitution of the United States and the Constitution of the State of Texas in one or more of the following respects:

a) Due process requires proof of punitive damages by a standard greater than the "preponderance of the evidence" standard.  Due process requires proof of such claims by at least clear and convincing evidence standard of proof.

b) The assessment of punitive damages, a remedy that is essentially criminal in nature without safeguards greater than that afforded by Texas Civil Procedure and the civil law, constitutes infliction of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, and Fourteenth Amendment of the Constitution of the United States, the Eighth Amendment to the Constitution of the United States, and Article I, §§ 13 and 19 of the Constitution of the State of Texas.

### *Excessive Demand*

16.    Plaintiff's claim for attorneys' fees is barred, in whole or in part, by the doctrine of excessive demand and/or Insurance Code section 542A.007.

## V.
## PRAYER

Defendant Essex therefore respectfully asks that: (1) Plaintiff take nothing by its claims; (2) Defendant be awarded judgment on Plaintiff's claims in their entirety; (3) Defendant be awarded its costs; and (4) for all other relief, both special and general, at law or in equity, to which it is justly entitled.

Respectfully submitted,

By:    /s/ *Todd M. Tippett*
Todd M. Tippett
Texas Bar No. 24046977
ttippett@zelle.com
Eric K. Bowers
Texas Bar No. 24045538
ebowers@zelle.com
ZELLE LLP
901 Main Street, Suite 4000
Dallas, Texas  75202-3975
Telephone:    (214) 742-3000
Facsimile:    (214) 760-8994

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

A true and correct copy of the forgoing has been served on the following counsel of record in accordance with TEXAS RULES OF CIVIL PROCEDURE on this 10th day of November, 2017:

Jason M. Byrd
State Bar No. 24036303
Jason@txbyrd.com
THE BYRD LAW FIRM, P.C.
448 Orleans Street
Beaumont, Texas 77701
Telephone:    (409) 924-0660
Facsimile:    (409) 924-0035
*Attorney for Plaintiff*

/s/ *Eric K. Bowers*
Eric K. Bowers